DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THERESA LOUISE O'DONNELL,**
Appellant,

v.

**WILLIAM O'DONNELL,**
Appellee.

No. 4D2025-0004

[July 15, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elaine Alexandra Carbuccia, Judge; L.T. Case No. 062023DR002719AXXXCE.

Douglas Reynolds, Nikeisha Pryor, and Jennifer A. Bautista of Tripp Scott, P.A., Fort Lauderdale, for appellant.

Meaghan K. Marro of Marro Law, P.A, Plantation, and Richard A. Schurr and Rebecca A. Nashban of Richard A. Schurr, P.A., Coral Gables, for appellee.

PER CURIAM.

The Former Wife, Theresa Louise O'Donnell, appeals from the circuit court's final dissolution of marriage. She argues the circuit court erred in four respects by: (1) failing to include all terms of the parties' agreement in the final dissolution order; (2) denying her post-judgment motion for an income deduction order and to compel alimony; (3) denying her motion to compel alimony; and (4) quashing a subpoena to a non-party court reporter. We reverse on the first three issues, as discussed below, and affirm on the fourth issue without further discussion.

First, the Former Wife argues the final judgment does not include key terms that were orally agreed upon during the proceedings. We agree in part. Section 61.08(b), Florida Statutes (2025), requires the trial court to make specific findings identifying the alimony form and duration. *See, e.g.*, *Whyte v. Whyte*, 337 So. 3d 18, 20 (Fla. 4th DCA 2022). Here, the record confirms the parties agreed that the alimony duration would be 25.7 years. Yet, the final judgment does not include any alimony duration.

The record is also clear that, at the final hearing, the circuit court stated that a contested issue of life insurance would be resolved at a later hearing. But the final judgment resolved the issue without any further hearing or party input. As a result, on remand, the court shall hold a hearing to determine the life insurance issue and amend the final judgment to include the mutually agreed-upon durational alimony.

Second, the circuit court erred by not entering an income deduction order. Section 61.1301(1)(a), Florida Statutes (2025), provides that upon the entry of an alimony order, the court shall enter an income deduction order. Subject to limited exceptions not relevant here, *see* section 61.1301(1)(c), Florida Statutes (2025), the failure to enter an income deduction order when establishing support constitutes reversible error. *Carlson v. Frengut*, 349 So. 3d 445, 446–47 (Fla. 4th DCA 2022). Therefore, the court erred when it declined to enter an income deduction order.

Third, the circuit court erred when it denied the Former Wife's motion to compel alimony. The Former Husband engaged in "self-help" by unilaterally deducting expenses from support payments. Obligors are strictly prohibited from engaging in "self-help" by unilaterally deducting expenses from support payments. *Haymon v. Haymon*, 640 So. 2d 1204, 1205–06 (Fla. 2d DCA 1994); *see also Singer v. Cochran*, 685 So. 2d 36, 37 (Fla. 4th DCA 1996) (holding that "the former husband may not unilaterally cease paying alimony simply because he has initiated a modification proceeding"). Here, the Former Husband testified that he offset boat repair costs, and he did so unilaterally. Accordingly, the order denying the motion to compel alimony is reversed.

The final judgment is affirmed in part, reversed in part, and the case is remanded for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

KUNTZ, C.J., MAY and GERBER, JJ., concur.

\*        \*        \*

**Not final until disposition of timely-filed motion for rehearing.**

2